# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| AMY MARIE SHROCK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 6:18-CV-03234-DGK-SSA |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AFFIRMING THE COMMISSIONER'S DECISION

This action seeks judicial review of the Acting Commissioner of Social Security's ("the Commissioner") decision denying Plaintiff Amy Shrock's application for Social Security disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401–434. The Administrative Law Judge ("ALJ") found Plaintiff had numerous impairments, none of them were severe enough to significantly limit her ability to perform basic work-related activities for twelve consecutive months, therefore she was not disabled.

After carefully reviewing the record and the parties' arguments, the Court finds the ALJ's opinion is supported by substantial evidence on the record as a whole. The Commissioner's decision is AFFIRMED.

**Procedural and Factual Background**

The complete facts and arguments are presented in the parties' briefs and are repeated here only to the extent necessary.

Plaintiff filed her application on October 27, 2015, alleging a disability onset date of January 1, 2013. The Commissioner denied the applications at the initial claim level, and Plaintiff appealed the denial to an ALJ. The ALJ held a hearing and, on November 15, 2017, issued a

decision finding Plaintiff was not disabled. The Appeals Council denied Plaintiff's request for review on June 5, 2018, leaving the ALJ's decision as the Commissioner's final decision. Plaintiff has exhausted all administrative remedies and judicial review is now appropriate under 42 U.S.C. § 405(g).

## Standard of Review

A federal court's review of the Commissioner's decision to deny disability benefits is limited to determining whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Chaney v. Colvin*, 812 F.3d 672, 676 (8th Cir. 2016). Substantial evidence is less than a preponderance, but is enough evidence that a reasonable mind would find it sufficient to support the Commissioner's decision. *Id.* In making this assessment, the court considers evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Id.* The court must "defer heavily" to the Commissioner's findings and conclusions. *Wright v. Colvin*, 789 F.3d 847, 852 (8th Cir. 2015). The court may reverse the Commissioner's decision only if it falls outside of the available zone of choice; a decision is not outside this zone simply because the evidence also points to an alternate outcome. *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).

## Discussion

The Commissioner follows a five-step sequential evaluation process[1] to determine whether a claimant is disabled, that is, unable to engage in any substantial gainful activity by reason of a

---

[1] "The five-step sequence involves determining whether (1) a claimant's work activity, if any, amounts to substantial gainful activity; (2) his impairments, alone or combined, are medically severe; (3) his severe impairments meet or medically equal a listed impairment; (4) his residual functional capacity precludes his past relevant work; and (5) his residual functional capacity permits an adjustment to any other work. The evaluation process ends if a determination of disabled or not disabled can be made at any step." *Kemp ex rel. Kemp v. Colvin*, 743 F.3d 630, 632 n.1 (8th Cir. 2014); *see* 20 C.F.R. §§ 404.1520(a)–(g), 416.920(a)–(g). Through Step Four of the analysis the claimant bears the burden of showing that he is disabled. After the analysis reaches Step Five, the burden shifts to the Commissioner to

2

medically determinable impairment that has lasted or can be expected to last for a continuous period of at least twelve months. 42 U.S.C. § 423(d)(1)(A). Plaintiff argues the ALJ erred at Step Two in finding her mental impairments were non-severe; at the very least, the ALJ should have ordered a consultative examination concerning her mental functioning. These arguments are unavailing.

In order to meet the Step Two "severity" requirement, Plaintiff had the burden of showing she had (1) a medically determinable impairment or combination of impairments which (2) significantly limited her physical or mental ability to perform basic work activities without regard to age, education, or work experience for the required twelve-month duration. 20 C.F.R. §§ 416.920(c), 416.921(a); *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009). "Basic work activities" include mental capacities for understanding, carrying out, and remembering simple instructions; using judgment; responding appropriately to supervision, co-workers, and usual work situations; and dealing with changes in a routine work setting. *See* 20 C.F.R. § 404.1521(b)(3)-(6). Although severity is not an onerous requirement, it is not a toothless standard either. *Kirby v. Astrue*, 500 F.3d 705, 708 (8th Cir. 2007).

In this case, Plaintiff did not meet her burden of showing that her mental impairments were severe impairments. As the ALJ noted, Plaintiff did not seek specialized mental health treatment during the relevant period. R. at 88. Granted, she had a psychological evaluation following a referral from her obstetrician when she was thirty-seven weeks pregnant, but she never saw a mental health professional for treatment. R. at 88, 125, 412. This is unsurprising since the record suggests her symptoms were generally controlled. R at 432. For instance, in June 2015, Plaintiff

---

show that there are other jobs in the economy that the claimant can perform. *King v. Astrue*, 564 F.3d 978, 979 n.2 (8th Cir. 2009).

went to the emergency room for abdominal pain, but she denied having anxiety or nervousness. R. at 362-63. Although Plaintiff argues the ALJ relied too heavily on the lack of formal mental health treatment, the fact that Plaintiff was never treated by a mental health professional for her allegedly severe impairments was a proper factor for the ALJ to consider. *See Whitman v. Coleman*, 762 F.3d 701, 706 (8th Cir. 2014) (noting a lack of treatment may indicate a problem is not serious). Aside from the lack of treatment, the ALJ also noted that the consultative examiner, Dr. Yung Hwang, M.D., stated that Plaintiff's depression, anxiety, and panic attacks were "extremely mild" and occurred only occasionally. R. at 88, 405, 407.

The ALJ reached the same conclusion after analyzing Plaintiff's mental impairments using the psychiatric review technique prescribed by the regulations. This technique considers the claimant's degree of limitation in four functional areas known as the Category B criteria: (1) understanding, remembering, or applying information; (2) interacting with others; (3) concentration, persistence, or pace; and (4) adopting or managing oneself. R. at 88-89; 20 C.F.R. § 404.1521(a). The ALJ found Plaintiff had only, "at most," mild limitations in each of these four areas, so her mental impairments were non-severe. R. at 88-89; 20 C.F.R. § 404.1521a(d)(1). The record supports these findings. For example, with respect to the first criterion, the ALJ observed that although Plaintiff claimed to need reminders to manage her personal care, take medication, and go places, she had no difficulty remembering things during her consultative examination, and she denied having any memory issues during her March 2016 psychological assessment. R. at 88, 406, 419. The ALJ also noted that Plaintiff was able to care for her two young children, one of whom was disabled with autism. R. at 88, 111-12, 257. She was also able to perform various tasks that required her to understand, remember, and apply information, such as preparing meals, counting change, going grocery shopping, and managing a checkbook. R. at 88, 257-59. Thus, substantial evidence on the record supports the ALJ's determination.

Granted, Plaintiff cites other evidence in the record that might support an alternate outcome, such as a psychologist's opinion from March 2016 assessing Plaintiff with a Global Assessment of Functioning score of 51 and recommending Plaintiff pursue outpatient therapy. R. at 423. But this opinion does not change the fact that substantial evidence supports the ALJ's determination that Plaintiff's mental impairments were not severe. *Buckner*, 646 F.3d at 556. At most, it supports an alternate outcome.

Finally, the ALJ did not err by failing to order a consultative examination concerning her mental function. It is the claimant's burden to prove disability and to provide medical evidence regarding the existence and severity of an impairment. *Kamanm v. Colvin*, 721 F.3d 945, 950 (8th Cir. 2013). The ALJ has a duty to develop the record only when a crucial issue is undeveloped and the evidence is insufficient to allow the ALJ to form an opinion. *Martise v. Astrue*, 641 F.3d 909, 926-27 (8th Cir. 2011). Here, the evidence in the record was sufficient for the ALJ to find that Plaintiff's mental impairments were not severe.

## Conclusion

For the reasons discussed above, the Commissioner's decision is AFFIRMED.

**IT IS SO ORDERED.**

Date:   May 15, 2019                          /s/ Greg Kays
                                                                GREG KAYS, JUDGE
                                                                UNITED STATES DISTRICT COURT